Matthew L. Anderson, #7459
Nicole M. Deforge, #7581
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax:  (801) 532-3370
Email:  manderson@fabianlaw.com

*Attorneys for American Automobile Association (Incorporated)*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **AMERICAN AUTOMOBILE ASSOCIATION**, <br><br> Plaintiff, <br><br> v. <br><br> **JAY KHODAL LODGING, LLC, and HOWARD JOHNSON INN BRIGHAM CITY,** <br><br> Defendants. | **COMPLAINT** <br><br> Case No. 1:15-cv-00141 <br><br> Judge Paul M. Warner |

The American Automobile Association (referred to herein as "Plaintiff," or "AAA," as the organization is commonly known) brings this Complaint for monetary damages and injunctive and other relief against Defendant Jay Khodal Lodging, LLC, and Defendant Howard Johnson Inn Brigham City (collectively, "Defendants"), for their infringement and unauthorized use of Plaintiff's famous AAA trademarks.  Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a not-for-profit non-stock corporation organized and existing under the laws of Connecticut and has its principal place of business at 1000 AAA Drive in Heathrow,

Florida 32746. Plaintiff provides its more than fifty million members with a wide variety of travel services, accommodations-rating services, and associated referral and discount services throughout the United States, including in Utah.

2.  On information and belief, Defendant Jay Khodal Lodging, LLC is a registered limited liability corporation in the State of Utah, with its principal place of business located at 1167 South Main Street, Brigham City, Utah 84302.

3.  On information and belief, Defendant Howard Johnson Inn Brigham City is registered in the State of Utah as an entity Doing Business As ("DBA") Howard Johnson Inn Brigham City, with its principal place of business located at 1167 South Main Street, Brigham City, Utah 84302.

4.  On information and belief, Defendant Jay Khodal Lodging owns and operates the Howard Johnson Inn Brigham City, located at 1167 South Main Street, Brigham City, Utah 84302.

## JURISDICTION AND VENUE

5.  This Court has subject-matter jurisdiction over Counts 1, 2, and 3 of Plaintiff's Complaint because they arise under sections 32 and 43 of the Lanham Act. *See* Lanham Act § 39(a), 15 U.S.C. §§ 1121(a); 28 U.S.C. § 1331; 28 U.S.C. § 1338. This Court has subject-matter jurisdiction over Counts 4, 5, 6, and 7 of Plaintiff's Complaint because they are sufficiently related to Counts 1, 2, and 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

6.  Venue is proper in this judicial district because Defendants reside in this district, *see* 28 U.S.C. § 1391(b)(1), (c)(2), and a substantial part of the events giving rise to the claims occurred here, *see id.* § 1391(b)(2).  Venue is proper in this division of this judicial district

because Defendants reside in this division and a substantial part of the events giving rise to the claims occurred here.

## FACTS ENTITLING PLAINTIFF TO RELIEF

**A.     Plaintiff's Widespread and Substantial Use of Its Registered AAA Marks**

7.     Plaintiff has owned the relevant "AAA" trademarks (collectively, "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

8.     Plaintiff has used its family of AAA Marks widely, continuously, and for decades to identify itself and its automobile club services — including evaluating and certifying hotel accommodation services — and to distinguish those services from services provided by others.

9.     Plaintiff has continuously used its AAA Marks to identify itself and its authorized hotel accommodation service providers long before Defendants began using AAA Marks for hotel accommodation services.

10.     Plaintiff has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

      a)     U.S. Service Mark Registration No. 2,846,491 for the mark "AAA.  USE IT FOR ALL IT'S WORTH," registered on May 25, 2004, for, among other things, "rating tourist accommodations, and travel arranging services, namely, making reservations and bookings for lodging;"

      b)     U.S. Service Mark Registration No. 829,265 for the mark "AAA," registered on May 23, 1967, for, among other things, "rating tourist accommodations;"

      c)     U.S. Service Mark Registration No. 1,988,918, registered on July 23, 1996, for the mark "AAA RATED," for, among other things, "rating accommodations;"

    d)    U.S. Service Mark Registration No. 2,158,654 for the mark "AAA," registered on May 19, 1998, for, among other things, "automobile club services, namely, rating tourist accommodations;" and

    e)    U.S. Certification Mark Registration No. 3,260,840 for the mark "AAA APPROVED," registered on July 10, 2007, for, among other things "providing lodging in hotels and motels."

11.    Many of the AAA Marks, including those noted above, have been used continuously for at least five years since its registration, and have thus become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of Plaintiff's exclusive right to use such AAA Marks in commerce in connection with those products and services, *see* 15 U.S.C. § 1115.

12.    Only those businesses that are part of Plaintiff's network of affiliates and approved service providers are authorized to use or display the AAA Marks. Consequently, Plaintiff's members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, Plaintiff and that they satisfy Plaintiff's high standards for quality and reliability.

13.    Plaintiff enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Utah and throughout the United States.

14.    The AAA Marks are distinctive: consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, Plaintiff.

15. As a result of its widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers. Indeed, the AAA Marks have become famous for the services offered by Plaintiff and are widely recognized by the general consuming public as a designation of source of Plaintiff's goods and services. The public has come to associate the "AAA" name with trustworthy service and advice.

### B. Defendants' Unlawful Use of the AAA Marks

16. Defendants' use the AAA Marks in commerce in connection with their hotel accommodation services, specifically by displaying a large metal sign with the AAA Marks in connection with their Howard Johnson Inn located in Brigham City, Utah.

17. Defendants use the AAA Marks in commerce without authorization from Plaintiff.

18. Signage on the premises of Defendants' Howard Johnson Inn in Brigham City, Utah bear the AAA Marks, as do Defendants' online advertising.

19. Defendants' infringing use of the AAA Marks in connection with its business is likely to confuse and mislead consumers into believing – erroneously – that the services offered by Defendants are approved, provided, endorsed, or rated by Plaintiff, that Defendants are affiliated, connected and associated with Plaintiff and its clubs, that Defendants' services are currently rated positively by Plaintiff and meet Plaintiff's high standards.

20. Defendants' use of the AAA Marks also has diminished the ability of Plaintiff's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by Plaintiff and its affiliated local clubs.

21. Defendants have thus made unauthorized commercial use of the AAA Marks in the United States and in Utah to Defendants' benefit and to the detriment of Plaintiff and the public, in violation of the laws identified above.

22. On information and belief, Defendants have acted and used the AAA Marks with actual knowledge of Plaintiff's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that Defendants are not authorized to use the AAA Marks.

23. Defendants' use of the AAA Marks has substantially harmed Plaintiff, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

**C.     Defendants' Failure to Comply with Plaintiff's Demands**

24. Upon learning that Defendants were using the AAA Marks, Plaintiff notified Defendants in writing on February 24, 2014, and continuously thereafter, that Defendants were required immediately and permanently to cease and desist all use of the AAA Marks and that their current use of the AAA Marks in connection with their business was unauthorized and violated federal and state trademark infringement and unfair competition laws.  In each correspondence, Plaintiff set deadlines for Defendants to comply, all of which Defendants have ignored.

25. Although notified repeatedly that their continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false designation of origin, and unfair competition, Defendants continue to use the AAA Marks in their commercial activities.

26. It is likely that Defendants' continued use of the AAA Marks has caused, and causes, confusion among members of the public as to whether Defendants are authorized, sponsored, provided or endorsed by, or affiliated with, Plaintiff.

27. Defendants' conduct is irreparably injuring Plaintiff because Plaintiff has lost control over the nature and the quality of goods and services that are being sold and advertised under its AAA Marks.

28. This is an action for trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition, in violation of sections 32(1) and 43(a) and (c) of the Trademark Act of 1946 (or Lanham Act), 15 U.S.C. §§ 1114(1), 1125(a), (c); trademark infringement and dilution, in violation of Utah Code Ann. § 70-3a-402(1)(a) and § 70-3a-403(1); unfair competition, in violation of Utah Code Ann. § 13-5a-101 *et seq*.; and for violation of the common law of the State of Utah. Plaintiff seeks an injunction prohibiting Defendants from using in commerce its "AAA" trademarks. In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and Utah law, Plaintiff seeks compensatory damages, treble damages, Defendants' profits from the violations alleged, and the costs and attorneys' fees incurred in bringing this action.

**Count 1
Trademark Counterfeiting and Infringement of
Plaintiff's Federally Registered Marks
(15 U.S.C. § 1114(1))**

29. Plaintiff repeats and re-alleges the allegations set forth above.

30. Defendants' use of the AAA Marks violates section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), because it constitutes unauthorized, willful and deliberate use in commerce of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to Plaintiff's products and services in a manner likely to cause confusion, mistake, and deception.

31. On information and belief, Defendants' acts complained of above have been willful and deliberate.

32. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violations of this statute, and Plaintiff has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from their unlawful use of the AAA Marks, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

## Count 2
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1125(a))

33. Plaintiff repeats and re-alleges the allegations set forth above.

34. Defendants' use of the AAA Marks described above violates sections 43(a) and (b) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes unauthorized willful and deliberate use in commerce of Plaintiff's AAA Marks, of false or misleading descriptions of face, and of false or misleading representations of fact, (1)(a) which are likely to cause confusion, mistake, or deception as to affiliation, connection, or association with Plaintiff or as to the approval, origin, or sponsorship by Plaintiff of products, services, and commercial activites of Defendants, and (1)(b) which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

35. On information and belief, Defendants' acts have been willful and deliberate.

36. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Plaintiff has no adequate remedy at law. Unless this Court enters an

order requiring Defendants to immediately and permanently cease and desist their unlawful use of the AAA Marks, the violation will continue to cause injury to Plaintiff and the public.

## Count 3
## Trademark Dilution
## (15 U.S.C. § 1125(c))

37. Plaintiff repeats and re-alleges the allegations set forth above.

38. Defendants' unauthorized use of the AAA Marks described above violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because it constitutes willful and deliberate use in commerce of Plaintiff's AAA Marks, and such use has caused and continues to cause dilution by blurring and dilution by tarnishment of the distinctive quality and reputation of Plaintiff's famous AAA Marks.

39. On information and belief, Defendants' acts complained of above have been willful and deliberate.

40. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Plaintiff has no adequate remedy at law.  Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist their unlawful use of the AAA Marks, the violation will continue to cause injury to Plaintiff and the public.

## Count 4
## Violation of Utah's Trademark Infringement Law
## (Utah Code Ann. § 70-3a-402(1)(a))

41. Plaintiff repeats and re-alleges the allegations set forth above.

42. Defendants' unauthorized use of the AAA Marks in commerce constitutes a violation of Utah Code Ann. § 70-3a-402(1)(a) in that Defendants' use of the AAA Marks is without the consent of the Plaintiff; and is in connection with the sale, distribution, offering for

sale, and advertising of Defendants' services, which use is likely to cause confusion, mistake, and to deceive as to the source of origin, nature, or quality of those goods or services.

43. On information and belief, Defendants are using the AAA Marks intentionally to represent that their services have an affiliation, connection, association with, or certification by AAA that they does not have; and Defendants are representing that their goods and services are of a particular standard, quality, or grade when they are of another.

44. Defendants use the AAA Marks in commerce with the intent to sell their goods, services, and other things of value.

45. Defendants' acts as described above have been committed with the intent to cause confuse or mistake or to deceive.

46. Defendants' use of the AAA Marks in commerce causes confusion, mistake, and deceives Plaintiff's members.

47. On information and belief, Defendants' acts complained above have been willful and deliberate and are an attempt to trade on Plaintiff's reputation or to cause dilution of the famous AAA Marks.

48. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Plaintiff has no adequate remedy at law.  Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist their unlawful use of the AAA Marks, the violation will continue to cause injury to Plaintiff and the public.

**Count 5**
**Violation of Utah's Trademark Dilution Statute**
**(Utah Code Ann. § 70-3a-403)**

49. Plaintiff repeats and re-alleges the allegations set forth above.

50. Defendants' unauthorized commercial use of the AAA Marks in commerce constitutes a violation of Utah Code Ann. § 70-3a-403 in that Defendants' use of the AAA Marks began after the AAA Marks became famous and the use causes dilution of the distinctive quality of the AAA Marks.

51. Plaintiff's AAA Marks are famous in Utah and nationwide because they are inherently distinctive or have acquired distinctiveness, have been used on a long and extensive basis in advertising and publicity in Utah and nationwide, have a high degree of recognition in the trading areas and channels of trade of Plaintiff and Defendants both in Utah and nationwide, and are the subject of federal registrations on the Principal Register, many of which are incontestable.

52. On information and belief, Defendants have willfully intended to trade on Plaintiff's reputation and cause dilution of the AAA Marks.

53. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Plaintiff has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist the unlawful use of the AAA Marks, the violation will continue to cause injury to Plaintiff and the public.

### Count 6
### Violation of Utah Unfair Competition Act
### (Utah Code Ann. § 13-5a-101 *et seq*.)

54. Plaintiff repeats and re-alleges the allegations set forth above.

55. Defendants' unauthorized use of the AAA Marks in connection with the advertising and sale of their goods and services constitutes a violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq*.

56. Defendants' conduct as alleged herein constitutes an intentional business act of practice that is unlawful, unfair, or fraudulent, has led to a material diminution in value of Plaintiff's intellectual property, and is an infringement of a trademark and trade name.

57. Plaintiff has been injured by Defendants' unfair competition and is entitled to recover its actual damages, costs and attorney fees, and punitive damages.

## Count 7
### Common-Law Trademark Infringement and Unfair Competition

58. Plaintiff repeats and re-alleges the allegations set forth above.

59. Defendants' unauthorized use of the AAA Marks in connection with the advertising and sale of their goods and services constitutes common law trademark infringement and unfair competition, because it constitutes willful and deliberate use in commerce of Plaintiff's AAA Marks, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by Plaintiff of products and services provided by Defendants, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

60. On information and belief, Defendants' acts complained of above have been willful and deliberate.

61. Plaintiff has been, and continues to be, irreparably damaged by Defendants' violations of the common law, and Plaintiff has no adequate remedy at law.  Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from their unlawful use of the AAA Marks, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

**PRAYER FOR RELIEF**

62. In view of the foregoing, Plaintiff prays for the following relief:

(a)   An injunction:

  (1)   requiring Defendants and their agents, servants, employees, attorneys, and any and all persons in active concert or participation with them to immediately and permanently cease and desist from all use of the AAA Marks, or of any combinations of the letters "A," in any form or manner that resembles, suggests, or intimates that Defendants' business is approved or endorsed by, or otherwise affiliated with Plaintiff;

  (2)   requiring Defendants, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in their possession or control wherein they use the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in their possession or control of making any of those infringing items;

  (3)   requiring Defendants to have deleted or removed from publication any advertisements paid for or used by them containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them;

  (4)   requiring Defendants permanently to delete, destroy, and remove all electronic content, including all websites, and other electronic materials

        displaying the AAA Marks and any other name, mark, or logo confusingly similar to them;

    (5)    requiring Defendants to instruct third parties to remove any reference to the Howard Johnson Inn at Brigham City, Utah being approved, rated, or endorsed by Plaintiff on websites, publications, or other electronic materials;

    (6)    requiring Defendants permanently to cease use of any search engine optimization techniques, including ad words or keywords, that use the AAA Marks;

    (7)    requiring Defendants to file with the Court and serve on Plaintiff, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction and orders; and

(b)    Monetary damages equivalent to:

    (1)    Statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000,000 per counterfeit mark, per good or service used by Defendants;

    (2)    Plaintiff's damages caused by Defendants' unlawful conduct, as described above;

(3) The profits earned by Defendants as a result of the sale of products and services using the AAA Marks or as a result of Defendants' display or advertisement of the AAA Marks;

(4) All state and federal statutory and common-law relief available, including but not limited to the damages provided for by Utah law and treble damages provided for by section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

(5) All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon;

(6) Any punitive or enhanced damages available due to Defendants' willful and deliberate conduct, including without limitation pursuant to Utah Code Ann. § 13-5a-101 *et seq.*; and

(c) Such other and further relief as the Court may deem just and proper.

Dated:  November 6 , 2015                    Respectfully submitted,

/s/ Nicole M. Deforge
Matthew L. Anderson
Nicole M. Deforge
FABIAN VANCOTT
*Attorneys for the American Automobile Association(Incorporated)*

Plaintiff's Address:
1000 AAA Drive

Heathrow, FL  32746

4823-9193-7578, v.  1